[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Raising two assignments of error, defendant-appellant Kenny claims that her conviction for domestic violence, in violation of R.C. 2919.25, was based upon insufficient evidence and was contrary to the manifest weight of the evidence.
To review the sufficiency of the evidence to support a conviction, the relevant inquiry for the appellate court is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.[1]
To reverse a trial court's judgment on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[2]
In the case at bar, the conviction was in accordance with the evidence. Kenny and her brother participated in a physical altercation in front of Kenny's grandmother's house. The participants presented different versions of how the altercation started and what transpired. But the record unequivocally shows that Kenny admitted that she punched her brother in the face and gave a written statement that, after she broke away from him, he shoved her and she responded by punching him in the face. Accordingly, the assignments of error are overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Gorman and Winkler, JJ.
[1] See State v. Stallings, 89 Ohio St.3d 280, 289, 2000-Ohio-164,731 N.E.2d 159; State v. Waddy (1992), 63 Ohio St.3d 424, 430,588 N.E.2d 819.
[2] See State v. Thompkins, 78 Ohio St.3d 380, 386, 1997-Ohio-304,678 N.E.2d 541.